UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.

KENNETH L. JONES,

    Defendant/Movant.

No. 5:21-CR-23-KKC-HAI

RECOMMENDED DISPOSITION

\*\*\*　\*\*\*　\*\*\*　\*\*\*

The Court herein recommends denial of federal prisoner Kenneth L. Jones's motion to obtain resentencing under 28 U.S.C. § 2255.

### I. Background & General Legal Standards

Jones entered a written guilty plea before Judge Caldwell on November 20, 2021. D.E. 25. He pleaded guilty to two counts of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, one count of possession with intent to distribute 40 grams or more of fentanyl, and two counts of possession of a firearm by a convicted felon. D.E. 27 (plea agreement).[1] The plea agreement contains the following waiver of appellate and collateral-attack rights:

> The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of

---

[1] Paragraph 1 of the Plea Agreement appears to include a plea to two counts of possession with intent to distribute 50 grams or more of actual/crystal methamphetamine. D.E. 27 at 1. But the Indictment (D.E. 1) and the penalties stated in the Plea Agreement (D.E. 27 ¶ 6) make clear the plea concerned a *mixture or substance containing a detectable amount of* methamphetamine.

> the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory minimum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

*Id*. ¶ 13.  On November 30, 2021, Jones was sentenced to a total term of 180 months' imprisonment.  D.E. 34.

Jones appealed.  Appellate counsel filed an *Anders* brief.  D.E. 52 at 2.  In its August 23, 2022 opinion, the Court of Appeals considered "the issues of whether Jones's plea and appeal waiver are valid, whether any exception to the waiver exists, and whether trial counsel rendered ineffective assistance."  *Id*.  The Court found the plea agreement (including the waiver provision) was knowing and voluntary.  *Id*. at 3-4.  The Court also noted that Jones by his plea had "waived any antecedent non-jurisdictional defects in his conviction."  *Id*. at 4.  The Court found no exceptions applied that could overcome the plea waiver.  *Id*.  And, assuming an exception existed in cases of "miscarriage of justice," there was no miscarriage of justice.  *Id*. at 4-5.  The Court of Appeals declined to consider whether trial counsel rendered ineffective assistance, as that is best addressed in a postconviction motion.  *Id*. at 5.

Less than a year after the Court of Appeals opinion, Jones filed a timely *pro se* motion under § 2255, asking to be resentenced.  D.E. 57.  The government responded in opposition.  D.E. 66.  On November 3, 2023, the Court received Jones's reply.  D.E. 68.

## II.  Legal Standards

Under § 2255, a federal prisoner may seek habeas relief because his sentence violates the Constitution or federal law, the federal court lacked jurisdiction to impose such a sentence, or the sentence exceeds the maximum authorized by law.  28 U.S.C. § 2255.  To prevail on a § 2255 motion alleging constitutional error, a defendant must establish that the error had a "substantial

2

and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

The Court recognizes that Jones is proceeding *pro se*, without the assistance of an attorney. The Court construes *pro se* motions more leniently than motions prepared by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003).

Jones raises several grounds of ineffective assistance of trial counsel ("IAC"). To successfully assert an ineffective-assistance-of-counsel claim, a defendant must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To prove deficient performance, a defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. A defendant meets this burden by showing "that counsel's representation fell below an objective standard of reasonableness" as measured under "prevailing professional norms" and evaluated "considering all the circumstances." *Id.* at 688.

However, a reviewing court may not second-guess trial counsel's strategic decisions. *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002). Thus, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "A fair assessment of attorney performance requires that every

effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

To prove prejudice, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. When evaluating prejudice, courts generally must consider the "totality of the evidence." *Strickland*, 466 U.S. at 695. Courts may approach the *Strickland* analysis in any order, and an insufficient showing on either prong ends the inquiry. *Id.* at 697.

To show prejudice in the guilty-plea context, a movant "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)), *cert. denied sub nom. Hodges v. Carpenter*, 135 S. Ct. 1545 (2015), *reh'g denied*, 135 S. Ct. 2345 (2015).

To show prejudice in the sentencing context, a movant must establish that his "sentence was increased by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)).

Some of Jones's issues were raised on appeal. Absent an exceptional circumstance, such as an intervening change in the law, prisoners may not use a § 2255 motion to relegate an issue that was raised on appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999); *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Some of Jones's grounds for relief (that are not IAC) *could have been* raised on appeal but were not. This means they were defaulted. A court can usually hear a defaulted claim only if the defendant establishes (1) cause and prejudice for the default or (2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Jones does not establish cause and prejudice or actual innocence as to any of his defaulted claims.

### III. Ground One

In Ground One, Jones alleges a search warrant was invalid. D.E. 57 at 4.[2] To the extent this is a direct attack on the validity of the search, this Ground is barred by Jones's waiver in his plea agreement. D.E. 27 ¶ 13. Jones waived "the right to attack collaterally the guilty plea, conviction, and sentence," except for claims of ineffective assistance of counsel. *Id*.

If done knowingly and voluntarily, a criminal defendant may, by the terms of the plea agreement, waive his right to file a direct appeal and his right to collaterally attack his conviction and sentence under § 2255. *Davila v. United States*, 258 F.3d 448, 450-51 (6th Cir. 2001). A prisoner may challenge the validity of such a waiver on the basis that "his plea was not knowing or voluntary" or was "the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

The Court of Appeals has already determined Jones's plea agreement, including the waiver provision, is valid and enforceable. D.E. 52. Jones points to no exceptional circumstance that would permit him to relitigate this issue.

Further, Jones's suppression issue is defaulted for failure to raise it on appeal. He shows no cause or prejudice or actual innocence to excuse this default.

Jones may be alleging his trial counsel was ineffective for failing to move to suppress the evidence. *See* D.E. 57 at 4-5. When the allegation is that counsel failed to effectively litigate a

---

[2] Citations to the record are to the blue page numbers generated by ECF.

5

Fourth Amendment claim, the defendant must "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

Jones's argument here hinges on a date discrepancy in the record. D.E. 57 at 4. The warrant was authorized at approximately midnight on the morning of February 19, 2021. D.E. 66-1 at 41. Yet an evidence log reports that a bag (or purse) containing drugs was collected from the scene at "2200 hours" on February 18. D.E. 68 at 8. The government argues this latter date is just a "minor discrepancy," as other places in the record suggest the bag/purse was not collected until after the warrant issued. D.E. 66 at 9.

Given that Jones's argument hinges on a time entry that consists of a discrepancy otherwise at odds with the record, he does not meet his burden of showing by a preponderance of the evidence that a motion to suppress, if filed, would have succeeded. Stated differently, the Court presumes counsel was effective in regard to this potential suppression issue. And a reasonable attorney could have concluded that a suppression motion based on this single time discrepancy would as a matter of strategy not been worth pursuing. Jones does not meet his burden of showing deficient performance or of establishing prejudice.

### IV. Grounds Two & Three

Jones's Ground Two alleges a "miscalculation of [his] drug amount." D.E. 57 at 5. If this is a direct challenge to the Guidelines calculations, it is foreclosed by the waiver provision of Jones's plea agreement. Further, it is defaulted for failure to raise it on appeal.

The Court thus approaches this ground as alleging IAC, as Jones does explicitly in Ground Three. Jones faults counsel for not challenging the drug amount. D.E. 57 at 7. But Jones has no basis here for establishing deficient performance or prejudice.

In his written plea agreement, Jones made the following statements of fact:

> The controlled substances [found during the August 2020 search] were sent to the KSP laboratory for testing and were found to contain 25.192 grams of fentanyl, 109.3 grams of methamphetamine, and 83.210 grams of methamphetamine. Jones admits that he knowingly and intentionally possessed these quantities of narcotics with the intent to distribute them.

D.E. 27 ¶ 5(f).

> The substances recovered from the February 18, 2021 [search] were sent to the Kentucky State Police Laboratory for testing and were found to contain 125 grams of fentanyl and 391.2 grams of methamphetamine. The suspected ecstasy tablets contained a non-controlled substance, no analysis has been completed testing for crack cocaine.

*Id.* ¶ 5(k).

Under the plea agreement's recommended calculations, "the base offense level for the drug counts is 30 because the converted drug weight is at least 1000 KG but less than 3000 KG." D.E. 27 ¶ 7(c).

The PSR is consistent with the plea agreement. It begins the calculations with a base offense level of 30, derived from a converted drug weight of 1,542.90 kilograms. D.E. 41 at 6. Given that Jones's plea was knowing and voluntary, as previously determined by the Court of Appeals, his admission to a converted drug weight of 1,000 to 3,000 kilograms forecloses any challenge to the ultimate assessment of 1,542.9 kilograms. Given that Jones is now foreclosed from arguing for a lesser converted drug weight, he cannot meet his burden of showing deficient performance or prejudice.

## V. Conclusion

For these reasons, the undersigned **RECOMMENDS** that Jones's § 2255 motion (D.E. 57) be **DENIED**. Jones does not appear to request a hearing, and none is warranted. There are no disputed material facts that, if found in Jones's favor, would warrant relief.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See also* Rule 11 of the Rules Governing Section 2255 proceedings. This standard is met if the defendant can show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Jones's non-IAC arguments are barred by the waiver in his plea agreement, which the Court of Appeals has upheld as knowing and voluntary. These issues are also defaulted. As for the IAC claims, reasonable jurists would not find the assessments on the merits above to be wrong or debatable; thus, no Certificate of Appealability should issue.

Any objection to, or argument against, denial of this motion must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and

8

rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 14th day of November, 2023.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge