UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**KENNETH L. JONES,**

    **Defendant.**

**CRIMINAL NO. 5:21-CR-23-KKC-HAI**
**CIVIL NO. 5:23-CV-221-KKC-HAI**

<u>**ORDER**</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on defendant Kenneth L. Jones's motion to correct sentence under 28 U.S.C. § 2255 (DE 57) and Magistrate Judge Hanly A. Ingram's Recommended Disposition (DE 69) that the motion be denied.

The defendant pleaded guilty to two counts of possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine; one count of possession with intent to distribute 40 grams or more of fentanyl; and two counts of possession of a firearm by a convicted felon. (DE 27.) The Court sentenced the defendant to 180 months of imprisonment. (DE 34.) As part of his plea agreement, the defendant waived his ability to appeal his guilty plea, conviction, and sentence. (DE 27.) The defendant now brings a motion to obtain resentencing and argues that: (1) the search warrant in this case was invalid; (2) the amount of drugs in his possession was miscalculated; and (3) his counsel was ineffective by failing to raise those issues during the proceedings. (DE 57 at 4-5, 7.)

The magistrate judge found that both the search warrant and drug amount arguments were procedural barred by the defendant's waiver in his plea agreement. (DE 69 at 5-6.) The magistrate judge also found that the defendant's counsel was not ineffective by failing to raise those issues during the proceedings because the defendant failed to show deficient performance or establish actual prejudice. (*Id.* at 6-7.) Accordingly, the magistrate judge has entered a recommendation that the defendant's current petition be denied.

On December 5, 2023, the Court received a letter from Jones in which he asked for an extension to file his full objections to the recommendation. The Court granted him a thirty-day extension to file his complete objections. He failed to file his objections within the allotted period of time, so the Court will construe the arguments contained in his December 5 letter as his objections to the recommendation. The Court analyzes his objections in turn.

I. **Fourth Amendment Violation**

Jones argues that his Fourth Amendment rights were violated because a discrepancy "shows that the officers already started searching the house before the judge signed off on the [search warrant]." (DE 70 at 2.) This argument is the same as the argument that Jones made in his 28 U.S.C. § 2255 motion. As the magistrate judge noted in the recommendation, Jones waived his right to collaterally attack the guilty plea, conviction, and sentence except for claims of ineffective assistance of counsel. As a result, the Court will only consider his argument as it pertains to a claim of ineffective assistance of counsel.

The magistrate judge explained that when alleging that counsel failed to raise a Fourth Amendment claim, the defendant must "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)). Here, Jones's argument relies on a time discrepancy in the record in which

2

an evidence log reports that a bag (or purse) containing drugs was collected approximately two hours before the search warrant was authorized. Jones claims that this means the police searched before they received a warrant, and, therefore, his Fourth Amendment rights were violated.

As the magistrate judge explains, this "minor discrepancy" is at odds with other information in the record and Jones cannot meet his burden of showing by a preponderance of the evidence that a motion to suppress on this issue would have succeeded. A reasonable attorney could have found that a suppression motion based on this discrepancy would not have been worth pursuing as a matter of strategy. Accordingly, Jones does not meet his burden of showing deficient performance or prejudice necessary to maintain an ineffective assistance of counsel claim.

## II.     Drug Miscalculation

Jones also argues that his base offense level should have started at 26 rather than 30 because the drugs "[were] a mixture substance[.]" (DE 70 at 2.) As far as this argument is a direct challenge to his Guidelines calculations, it is foreclosed by the waiver provision of his plea agreement. It is further defaulted for failure to raise the issue on appeal. As a result, the Court will only consider his argument as it pertains to a claim of ineffective assistance of counsel.

The base offense level of 30 was derived from a converted drug weight of 1,542.90 kilograms. (DE 41 at 6.) Jones cites to § 2D1-1(c)(7) in the Sentencing Guidelines to argue that his offense level should be 26 due to his drugs being "a mixture substance[,]" but fails to explain how that rule applies to him. Jones admitted to a converted drug weight of 1,000 to 3,000 kilograms previously. (DE 27 ¶ 7(c).) The Guidelines notes to § 2D1-1(c) explain that the weight of a controlled substance refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance. Jones fails to explain how his

3

drugs being a mixture means that § 2D1-1(c)(7), not § 2D1-1(c)(5), applies to him. Accordingly, Jones cannot meet his burden of showing deficient performance or prejudice necessary to maintain an ineffective assistance of counsel claim.

### III.     Conclusion

Having reviewed the recommendation and agreeing with its analysis, the Court hereby ORDERS as follows:

1) the Recommended Disposition (DE 69) is ADOPTED as the Court's opinion;

2) Jones's motion to correct sentence under 28 U.S.C. § 2255 (DE 57) is DENIED;

3) a Certificate of Appealability will not be issued, Jones having failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); and

4) a judgment consistent with this order and the Recommended Disposition will be entered.

This 22nd day of January, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY